**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

DIVERSIFIED FINANCIAL SERVICES, INC. OF THE TREASURE COAST

CASE NO. 26-24800-EPK
CHAPTER 11 SUB V

Debtor.
_______________________________________/

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO UTILIZE CASH COLLATERAL AND (II) SCHEDULING FINAL HEARING TO EXTENT NEEDED**

****EMERGENCY HEARING REQUESTED****

**Basis for Expedited Relief**

**The Debtor is a business and needs use of cash collateral in order to pay ongoing daily, weekly and monthly operating expenses. Accordingly, the Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral. The Debtor respectfully requests that this motion be set for hearing as soon as possible to allow Debtor to continue to pay its normal and ordinary daily, weekly and monthly expenses.**

Debtor, DIVERSIFIED FINANCIAL SERVICES, INC. OF THE TREASURE COAST ("Debtor"), by and through undersigned counsel, files this Emergency Motion for Interim and Final Orders (i) Authorizing Debtor to Utilize Cash Collateral and (ii) Scheduling Final Hearing (the "Motion") and states as follows:

**Rule 4001(b)(1)(B) Concise Statement Summarizing Relief**

- **Name of Each Entity with a Cash Collateral Interest:**
  - U.S. Small Business Administration
  - Corporation Service Company, as representative

- **Purpose for the Use of Cash Collateral:** Debtor's daily operating expenses, including but not limited to, advertising and other limited operating expenses.

- **Material Terms:** The Debtor requests interim use of cash collateral subject to the attached budget for a period of thirty days from the entry of an interim order, and further requests that the Court schedule a hearing on final approval of the Debtor's use of cash collateral.

- **Adequate Protection:** All creditors which may claim an interest in cash collateral are adequately protected by virtue of the fact that the Debtor will be operating on a cash flow positive basis, and additional adequate protection is proposed in the form of replacement liens.

1. On November 5, 2026, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Debtor is in the business of accounting, payroll, and tax preparation.

3. U.S. Small Business Administration holds an SBA note in the amount of $138,712.00.

4. Debtor needs immediate authority under 11 U.S.C. § 105(a) and 363 to use cash collateral on a daily, weekly and monthly basis to pay for the day-to-day expense included in the Budget attached hereto as Exhibit "A". The foregoing expenses are reasonable and necessary business expenses which must be paid in order to support business operations. The failure to obtain authorization for the use of the cash collateral will be fatal to Debtor and disastrous to its creditors, both secured and unsecured. As set forth below, the Debtor requests that the Court approve its use of cash collateral, retroactive to the Petition Date, pursuant to the terms of the Budget, and further authorize the Debtor to (a) exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

5. The Debtor's use of property of its estate is governed by Code section 363, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). A debtor in possession has all the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with § 363. See 11 U.S.C. § 1107(a).

6. When a chapter 11 debtor in possession is authorized to operate, they may use property of estate in the ordinary course of business but is prohibited from using cash collateral absent consent of the secured creditor or court authorization. 11 U.S.C. § 363(c). The Code defines "cash collateral" as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . ." 11 U.S.C. § 363(a).

7. It is appropriate for the Court to authorize the Debtor to use cash collateral because (a) all creditors with a potential interest in the Debtor's cash collateral are being adequately protected and (b) such use will preserve the going concern value of the estate.

8. The Bankruptcy Code does not define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's

interest in its collateral. See 11 U.S.C. § 361; see In re Potvin Lumber Company, Inc., 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtor could use cash collateral and finding that the bank was adequately protected because the total value of the debtor's personal property exceeded the bank's indebtedness).

9. Adequate protection is to be determined on a case-by-case factual analysis. See Mbank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393, 1396 (10th Cir. 1987); In re Martin, 761 F.2d 472 (8th Cir. 1985); see also S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978). For example, O'Connor states that "[i]n order to encourage the Debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." 808 F.2d at 1396. (citations omitted).

10. **Corporation Service Company as representative (“CSC”)** may have a lien on the equipment and deposit accounts of the of the Debtor by virtue of a UCC-1 Financing Statement filed on June 27, 2020 (Instrument No. 202002543036) in the Florida Secured Transaction Registry (the “CSC Lien”). Pursuant to the CSC Lien, CSC may have a security interest in the secured assets including, among other things, fixtures, inventory, accounts, chattel paper, investment property, general intangibles and deposit accounts. Attached hereto as Exhibit “B” is a copy of the CSC Lien.

The adequate protection provided to such secured creditor includes (a) the Debtor's positive cash flow position, and (b) replacement liens against the property of the Debtor for any use of cash collateral, with such liens having the same seniority and entitled to the same level of priority as the priority of such creditors’ perfected liens—if any—against the Debtor's property that existed prior to the Petition Date.

11. The Debtor's requested use of cash collateral and the protections afforded to parties with a potential interest in cash collateral herein are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of alleged collateral.

12. The continued operation of the Debtor's business will preserve its going concern value, enable the Debtor to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtor's ability to confirm a plan. However, if the Debtor is not allowed to use cash collateral, especially through the regular collection of its accounts receivable, it will be unable to operate.

13. It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern "A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its efforts to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated." *In re George Ruggiere Chrysler-Plymouth, Inc.,* 727 F.2d 1017, 1019 (11th Cir. 1984); see *In re Stein*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (debtor permitted to use cash collateral when creditor was undersecured because such use was necessary to its continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's business).

14. If the Debtor cannot use cash collateral, he will not be able to pay for normal and ordinary living expenses and/or business expenses which he pays personally. By contrast, permitting cash collateral use will allow the Debtor to continue to work, earn income

and preserve the going concern value of his sales and his business which will inure to the benefit of all creditors.

15. Pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, a proposed form order is attached hereto, as Exhibit “C”.

WHEREFORE, Debtor, DIVERSIFIED FINANCIAL SERVICES, INC. OF THE TREASURE COAST, requests this Court to enter an Order Authorizing Use of Cash Collateral, and for such other and further relief as is just.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular mail or electronically where available to all appearances, interested parties and to the 20 largest creditors on the attached list this 6th day of November 2026.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

RAPPAPORT OSBORNE & RAPPAPORT, PLLC
Attorneys for Debtor-In-Possession
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 368-2200

BY:___/s/______________________________
JORDAN L. RAPPAPORT, ESQ.
Florida Bar No. 108022

**Service List:**

By CM/ECF to:

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

United States Attorney’s Office – Assistant United States Attorney Raychelle Tasher Raychelle.Tasher@usdoj.gov

By Certified Mail and First Class Mail:

United States Small Business Administration
P.O. Box 740192

Atlanta, GA 30374-0192

United States Small Business Administration
P.O. Box 3918
Portland, OR 97208-3918

Todd Blanche
U.S. Attorney General
950 Pennsylvania Ave., NW
Washington D.C., 20530

United States Attorney
Southern District of Florida
99 NE 4th Street
Miami, Florida 33132

And to the other parties on the mailing list